Laverne D. CORMIE,

v.

Benjamin BAILOR, Postmaster General of The United States of America and United States Postal Service.

Civ. A. No. 82–2220.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Dec. 20, 1984.

Ulysses Gene Thibodeaux, Newman, Thibodeaux & Marshall, Lake Charles, La., for plaintiff.

Joseph S. Cage, Jr., U.S. Atty., John R. Halliburton, Asst. U.S. Atty., Shreveport, La., Kevin B. Rachel, U.S. Postal Service, Washington, D.C., for defendants.

## OPINION

VERON, District Judge.

In this suit, Laverne D. Cormie seeks recovery from the United States Postal Service and from the Postmaster General, contending that she was unlawfully denied a promotion to Postmaster of the Longville, Louisiana post office on account of her sex. The case was bifurcated as to liability and damages and the issue of liability was tried to this Court, without a jury, on October 4, 1984.

## FINDINGS OF FACT

### 1.

Laverne Cormie applied for the position of Postmaster for the Longville, Louisiana post office in the fall of 1976.

### 2.

Laverne Cormie was qualified for the postmaster position at that time. She began working for the Postal Service as a part-time clerk in Longville on July 12, 1973.

### 3.

Established Postal Service procedures were followed in filling the Postmaster vacancy in Longville. Originally, Cormie and two other employees from the Longville office applied for the position. Under the selection rules, the application of the three qualified employees from the local office automatically limited the selection pool to the local employees. A standard suitability investigation revealed, however, that neither of the other two local candidates had a genuine interest in the position. Both had applied to facilitate the selection of Cormie and there was some indication that she had encouraged them to do so. One of the locals withdrew after being informed that there would be no retreat rights if she was selected and declined to accept the appointment. The other withdrew after outside postal employees were allowed to apply. Five other postal employees applied and a review committee selected two of those five candidates to join Cormie as the three final candidates. The final three were interviewed by the Postmaster's Regional Selection Board in Memphis.

### 4.

The Board recommended Hurley Gautreaux, a male. The Postmaster General adopted this recommendation and appointed Gautreaux as Postmaster for the Longville station.

### 5.

Of the three final candidates, Gautreaux was the best qualified. He excelled in length of service, amount and variety of management experience, accumulated hours of special training and satisfactory performance reports. Gautreaux had been with the Postal Service for 18 years and had served in several positions of responsibility. During a vacancy in the Evangeline Postmaster's position, he served as the Officer-in-Charge. He also served as the Acting Foreman of Mails and Delivery in the Crowley, Louisiana office, which is much larger than either the Evangeline or Longville offices. He supervised thirty-three employees while working in this capacity. And he served as acting Superintendent of Postal Operations in Crowley, Louisiana for four months.

### 6.

Cormie's failure to establish a "fixed credit" accountability system for window clerks also provided a nondiscriminatory reason for passing her over in favor of another candidate. Proper postal procedure required this system and she was informed of this deficiency during her tenure as Officer-in-Charge, but she nonetheless declined to implement the system.

7.

There is no established history of discrimination on account of sex in the Lafayette Section Center. Numerous women have been appointed to Postmaster positions within the area. Indeed, Gautreaux was himself passed over for Postmaster of the Evangeline station in favor of a woman candidate. Moreover, Cormie is now serving as Postmaster of the Longville station.

8.

The postal officials involved in the selection of a Postmaster for Longville were not motivated by an intent to discriminate against Cormie because of her sex.

CONCLUSIONS OF LAW

1.

This Court has jurisdiction over the subject matter under 42 U.S.C. § 2000e–16(c).

2.

■ The plaintiff carried her initial burden of proving a *prima facie* case of discrimination. At the close of the plaintiff's case, the Court ruled to the contrary, but reversed itself to allow the making of a record for appeal purposes. After a review of the law and the evidence, the Court now concludes that the granting of an involuntary dismissal at the close of the plaintiff's case would have been error. A Title VII plaintiff must establish only the following elements to make out a *prima facie* case of sex discrimination in promotion practices: (1) the plaintiff belonged to a protected class under Title VII; (2) the plaintiff applied for and was qualified for the position; (3) the employer nonetheless kept the position open, and (4) the employer rejected the plaintiff in favor of a member of the opposite sex. *See Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253 n. 6, 101 S.Ct. 1089, 1094 n. 6, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v.*

*Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Parson v. Kaiser Aluminum & Chemical Co.,* 575 F.2d 1374, 1383 (5th Cir.1978), *cert. denied* 441 U.S. 968, 99 S.Ct. 2417, 60 L.Ed. 1073 (1979).[1] Here, the plaintiff has established all four of these elements. As a woman, she is of course entitled to protection from sexual discrimination under Title VII. She applied for and was qualified for the position of Postmaster of the Longville station. The Post Office kept the position open, however, and ultimately rejected the plaintiff in favor of a male employee from another station.

As the plaintiff has established a *prima facie* case, the presumption and shifting burdens of *McDonnell Douglas* and *Burdine* drop from the case and the inquiry turns to the ultimate factual issue, whether or not there was intentional discrimination against the plaintiff in violation of Title VII. *United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); *Williams v. Southwestern Bell Telephone Co.,* 718 F.2d 715, 717 (5th Cir.1983). The plaintiff bears the burden of persuasion on this issue, which she may meet "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095.

3.

■ The defendants did not intentionally discriminate against the plaintiff on account of her sex in violation of Title VII when they rejected her application for a promotion to Longville Postmaster. She was passed over in favor of a more experienced candidate who had supervised a much larger number of employees. Addi-

---

**1.** The elements set forth in the text do differ slightly from those set forth in *McDonnell Douglas.* The factual differences between the instant case and *McDonnell Douglas* make this variation necessary. *See McDonnell Douglas,* 411 U.S. at 802 n. 13, 93 S.Ct. at 1824 n. 13. The elements in the text are adopted in part from *Burdine,*

where the plaintiff established a *prima facie* case by showing "that she was a qualified woman who sought an available position, but the position was left open for several months before she finally was rejected in favor of a male...." 450 U.S. at 254 n. 6, 101 S.Ct. at 1094 n. 6.

tionally, Cormie had made a mark against herself by failing to conform to standard postal procedures when requested to do so. Moreover, there is no indication of past sexual discrimination in the immediate area or that the selection procedures were applied to Cormie unfairly anywhere along the line to the Postmaster General in Washington. The Court has found that neither the qualifications of Gautreaux nor the shortcomings of Cormie served as a mere pretext for a discriminatory rejection.

Accordingly, the claim of Laverne D. Cormie against the United States Postal Service and the Postmaster General is dismissed at her cost.